**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113997

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vincent M. Asaro,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>ARStrat, LLC,<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Vincent M. Asaro (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARStrat, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.　At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Vincent M. Asaro is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant ARStrat, LLC, is a Texas Limited Liability Company with a principal place of business in Harris County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 3, 2017. (**"Exhibit 1."**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)**
**False and Misleading Representations**

16. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

misleading representation or means in connection with the collection of any debt.

18. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of the debt.

19. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

20. The Letter alleges that such is the second notice from Defendant to Plaintiff concerning the Debt.

21. The Letter states, **"Second Notice."** (emphasis in original.)

22. The Letter states, "We sent you a first notice which included your rights under the Fair Debt Collections Practices Act.  You still have time to exercise your rights."

23. The "first notice" referenced in the Letter was sent to Plaintiff by way of letter dated December 26, 2016 ("the First Notice") ("**Exhibit 2.**")

24. The First Notice set forth Plaintiff's validation rights, which specified that Plaintiff had thirty (30) days from receipt of the First Notice to exercise said rights.

25. As such, the time period in which for Plaintiff to exercise his validation rights, pursuant to the First Notice and as codified in 15 U.S.C. § 1692g *et seq.*, expired on or around January 25, 2017.

26. By the time Defendant sent to the subject Letter dated February 3, 2017, the time period in which for Plaintiff to exercise his validation rights had already expired.

27. As such, the statement, "You still have time to exercise your rights," is false.

28. The Letter, because of the false statement, would likely confuse the least sophisticated consumer.

29. The Letter, because of the false statement, would likely confuse the least sophisticated consumer as to when his or her validation rights run.

30. The Letter, because of the false statement, would likely lead the least sophisticated consumer to believe he or she is missing the "First Notice" from Defendant.

31. The Letter, because of the false statement, would likely make the least sophisticated consumer unsure as to when his or her validation rights run.

32. The Letter, because of the false statement, would likely make the least sophisticated consumer unsure as to whether he is missing the "First Notice" from Defendant.

33. Defendant's conduct, as described, violates 15 U.S.C. § 1692e, 1692e(2)(A), and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

1692e(10).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### Misleading Representations

34. Alternatively, even if the statement, "You still have time to exercise your rights," is not literally false (which it is), the Letter is nevertheless materially confusing and misleading to the least sophisticated consumer on separate and distinct grounds.

35. As previously alleged, the Letter states, "We sent you a first notice which included your rights under the Fair Debt Collections Practices Act. You still have time to exercise your rights."

36. The Letter sets forth the same validation notice that was set forth in the First Notice, beginning with the sentence "**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid** . . ." (emphasis in original).

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. A collection letter violates 15 U.S.C. § 1692e if it is open to two or more reasonable interpretations, at least one of which is inaccurate.

39. The statements in the Letter, as set forth in Paragraphs 35 and 36, *supra*, respectively, directly contradict one another.

40. The least sophisticated consumer, reading the Letter in its entirety, would be confused and uncertain as to when his or her validation rights begin to run.

41. The least sophisticated consumer, reading the Letter in its entirety, would be confused and uncertain as to how much time he or she has left to exercise his or her validation rights, if any.

42. The time at which a consumer's validation rights begin to run is a material piece of information to the least sophisticated consumer.

43. The amount of time a consumer has left in which to exercise his or her validation rights would influence the least sophisticated consumer's decision as to whether or not to pay to the debt, whether in part or in whole, or to otherwise take responsive action.

44. The least sophisticated consumer, reading the Letter in its entirety, could

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

reasonably interpret the Letter to mean that the thirty (30) day validation period had already been running, for any length of time under thirty (30) days, by the time she received the Letter.

45. Conversely, the least sophisticated consumer, reading the Letter in its entirety, could reasonably interpret the Letter to mean that the thirty (30) day validation period did not begin to run until she received the Letter.

46. Because the Letter is subject to more than one reasonable interpretation, at least one of which is inaccurate, the Letter violates 15 U.S.C. § 1692e.

47. Defendant's conduct, as described, violates 15 U.S.C. § 1692e.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: February 4, 2018

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113997